# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The Use of a Cell-Site Simulator to Identify the<br>Cellular Device Used by Malik Y. NICHOLS | Case No. 24-840M(NJ)<br>Matter No. 2023R00176 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 4/9/2024 *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Hon. Nancy Joseph    .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☑ until, the facts justifying, the later specific date of    09/22/2024   .

Date and time issued: 3/26/2024 @ 1:16 p.m.

*Judge's signature*: Nancy Joseph

City and state: Milwaukee, WI     Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B when the officers to whom it is directed have reason to believe that Malik NICHOLS is present at certain locations, including, but not limited to:

    1810 W. Atkinson Avenue, Milwaukee, WI

    4408 N. 39th Street, Milwaukee, WI

    5065 N. 32nd Street, Milwaukee, WI

1

## ATTACHMENT B

The "Target Cellular Device" is the cellular device or devices carried by Malik NICHOLS. Pursuant to an investigation of Malik NICHOLS for violations of Title 21, United States Code, Section 841(a)(1), this warrant authorizes the officers to whom it is directed to identify the Target Cellular Device(s) by collecting radio signals, including the unique identifiers, emitted by the Target Cellular Device(s) and other cellular devices in its vicinity for a period of thirty days, during all times of day and night.

Absent further order of a court, law enforcement will make no affirmative investigative use of any identifiers collected from cellular devices other than the Target Cellular Device(s), except to identify the Target Cellular Device(s) and distinguish it from the other cellular devices. Once investigators ascertain the identity of the Target Cellular Device(s), they will end the collection, and any information collected concerning cellular devices other than the Target Cellular Device(s) will be deleted.

This warrant does not authorize the interception of any telephone calls, text messages, or other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 25-840M(NJ)
The Use of a Cell-Site Simulator to Identify the ) Matter No. 2023R00176
Cellular Device(s) Used by Malik Y. NICHOLS )
)

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with the intent to distribute and distribution of controlled substances. |

The application is based on these facts:
See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by HIDTA and DEA. See 18 U.S.C. §§ 3122(b), 3123(b).

☑ Continued on the attached sheet.
☑ Delayed notice of  180  days *(give exact ending date if more than 30 days:*  09/22/2024  *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

ELIZABETH MONFILS  Digitally signed by ELIZABETH MONFILS
Date: 2024.03.25 12:39:50 -05'00'

*Applicant's signature*

Elizabeth M. Monfils, AUSA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
 telephone  *(specify reliable electronic means)*.

Date: 3/26/2024

*Judge's signature*

City and state:  Milwaukee, WI   Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Joseph Esqueda, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique further described in Attachment B, in order to identify the cellular device or devices carried by Malik Y. NICHOLS (the "**Target Cellular Device(s)**"), described in Attachment A.

2. I am a Police Officer with the Milwaukee Police Department and have been a sworn Law Enforcement Officer since April of 2004. I am currently assigned to the Special Investigations Division as a Federally Deputized Task Force Officer (TFO) with the Federal Bureau of Investigation's Milwaukee Area Safe Streets Task Force and have been since April of 2021.

3. As a Police Officer and a Task Force Officer, I have participated in the investigation of both narcotics-related and firearm-related offenses, resulting in the prosecution and conviction of individuals and the seizure of illegal drugs, weapons, United States currency, and other evidence of criminal activity. As a narcotics investigator, I have interviewed many individuals involved in drug trafficking and have obtained information from them regarding the acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology used

1

by the traffickers and abusers of controlled substances. I have participated in all aspects of drug investigations, including physical surveillance, execution of search warrants, undercover operations, court-ordered wiretaps, analysis of phone and financial records, and the arrests of numerous drug traffickers. I have also been the affiant of many search warrants. I have spoken on numerous occasions with other experienced narcotics investigators concerning the methods and practices of drug traffickers and money launderers. Through these investigations, my training and experience, and conversations with other law enforcement personnel, I have become familiar with the methods used by drug traffickers to manufacture, smuggle, safeguard, and distribute narcotics, and to collect and launder trafficking-derived proceeds. I am further aware of the methods employed by major narcotics organizations to thwart any investigation of their illegal activities, and I have been involved in state and federal drug trafficking investigations.

4. During this time, I have gained experience and insight into the investigation, apprehension, and prosecution of individuals involved in federal criminal offenses, the means by which those individuals commit those offenses, and the tools available to law enforcement to further such investigations. Based on this experience, I am aware that individuals who are involved in the use and distribution of controlled substances often facilitate their criminal activities through the use of telephones and social media, and that the records related to such tools often provide information pertaining to drug trafficking, including but not limited to the identity of subjects and targets involved in the use and distribution of controlled substances, the scope, identity,

2

hierarchy, and overt acts in furtherance of the drug conspiracy, and the means of storing, concealing, and distributing controlled substances or drug proceeds. I am also aware that individuals involved in drug trafficking often possess and use multiple cell phones to facilitate their activities, compartmentalize their trafficking, and avoid detection by law enforcement officers.

5. The facts in this affidavit come from my personal observations, training, experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. This Court has authority to issue the requested warrant under Federal Rule of Criminal Procedure Rule 41(b)(1) & (2) because the **Target Cellular Device(s)** is/are currently believed to be located inside this district because Malik NICHOLS is believed to reside in the Eastern District of Wisconsin ("EDWI"). On numerous occasions within the last couple of months, Malik NICHOLS has been observed by case agents, via physical and electronic surveillance, in the EDWI. Pursuant to Rule 41(b)(2), law enforcement may use the technique described in Attachment B outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Section 841(a)(1) have been committed, are being committed, and will be committed by Malik NICHOLS, and others not yet identified. There is also probable cause to believe that the identity of the **Target**

3

**Cellular Device(s)** will constitute evidence of those criminal violations. In addition, in order to obtain additional evidence relating to the **Target Cellular Device(s)**, its user, and the criminal violations under investigation, law enforcement must first identify the **Target Cellular Device(s)**. There is probable cause to believe that the use of the investigative technique described by the warrant will result in officers learning that identifying information.

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

7. Since March of 2023, the FBI and the Milwaukee Police Department (MPD) have been investigating members and associates of the Burleigh Zoo Family (BZF) street gang for violations of drug trafficking, illegal firearms possession and trafficking, among other crimes. In January of 2024, case agents interviewed a confidential source, CS #1. CS #1 identified multiple members and associates of the BZF street gang, who are involved in drug trafficking, weapon violations, and other crimes, including Malik Y NICHOLS (dob: XX/XX/1996).

8. For several reasons, case agents believe that CS #1 is reliable and credible. First, CS #1 has been providing information since October of 2023. Second, the

information provided by CS #1 is consistent with evidence obtained elsewhere in this investigation where CS #1 was not utilized, and substantial portions of CS #1's information has been corroborated through independent investigation, including police reports and law enforcement databases. CS #1 is cooperating for consideration on pending federal charges for armed robberies and possession of a firearm during a crime of violence. CS #1 has two prior convictions for armed robbery. Finally, CS #1 has had an adequate opportunity to directly observe the events discussed and/or has heard conversations directly from the individuals discussed herein. For these reasons, case agents believe CS #1 to be reliable.

9. CS #1 stated that s/he has known NICHOLS for more than 10 years and stated that he knows that NICHOLS is an associate of BZF members and is related to other members of the BZF street gang. CS #1 stated that s/he knows that NICHOLS sells controlled substances and has personally observed NICHOLS in possession of suspected controlled substances, which NICHOLS represented to be controlled substances, on multiple occasions, including during the month of January of 2024.

10. On January 16, 2024, CS #1, acting under the direction and control of case agents, conducted a controlled buy of cocaine base from NICHOLS. Prior to the controlled buy, CS #1 called NICHOLS at phone number, (262) 993-0926, the Target Cell Phone, to arrange the purchase of cocaine. The call to NICHOLS was in the presence of case agents who confirmed that the number called was the Target Cell Phone number and case agents were able to hear the content of the conversation. NICHOLS directed CS

5

#1 to the area of N. Teutonia Avenue and W. Villard Avenue at a gas station, but ultimately changed the location to the intersection of N. 32nd Street and W. Lancaster Avenue. The controlled buy was recorded both using audio and video recording equipment and said recordings are maintained in the custody of the FBI. Case agents and law enforcement had also established surveillance in the area of 5065 N. 32nd Street, Milwaukee and observed NICHOLS exit from the residence at 5065 N. 32nd Street, meet with CS #1 and conduct a hand-to-hand transaction before entering a nearby vehicle where he remained for a period of time before departing the area. After the controlled buy, CS #1 met with case agents and case agents recovered 43.6 grams of suspected cocaine. The suspected cocaine was field tested and tested positive for the presence of cocaine base.

11. Based on my training and experience, I know a "controlled buy" is a law enforcement operation in which an informant purchases drugs from a target. The operation is conducted using surveillance, usually audio and video taping equipment, and pre-recorded purchase money. When an informant is used, s/he is searched for contraband, weapons, and money before the operation. The informant is also wired with a concealed body recorder and/or a monitoring device. When the transaction is completed, the informant meets cases agents at a pre-determined meet location and gives the purchased drugs and the recording/monitoring equipment to the case agents. The informant is again searched for contraband, weapons, and money and then interviewed by the case agents about the drug transaction. A sample of the suspected drugs is then

6

field tested by the case agents for the presence of controlled substances and then placed in inventory pursuant to normal inventory procedures. All of the calls to the target by the informants are consensually recorded calls under the direction and control of case agents and made in the presence of case agents. Additionally, case agents observe the informants dial the target's number on each occasion and the contact is verified through telephone records.

12. On February 5, 2024, CS #1, acting under the direction and control of case agents, conducted a controlled buy of cocaine/cocaine base from NICHOLS. Before the controlled buy, CS #1 called NICHOLS on the Target Cell Phone to arrange the purchase of cocaine / cocaine base. NICHOLS directed CS #1 to the area of N. 32nd Street and W. Lancaster Avenue. Case agents and law enforcement had also established surveillance in the area of 5065 N. 32nd Street, Milwaukee and observed NICHOLS meet with CS #1.

13. Ultimately, NICHOLS, accompanied by an individual that had arrived in the same vehicle as NICHOLS (a Jeep Grand Cherokee), directed CS #1 to follow to an additional location. Surveillance followed NICHOLS and CS #1 to the area of approximately 4913 N. 38th Street, where NICHOLS parked the Jeep Cherokee on the rear slab of 4912 N. 38th Street and met again with CS #1 within a vehicle on the roadway to conduct the transaction with CS #1. After the controlled buy, CS #1 met with case agents and case agents recovered 139.6 grams of suspected cocaine and 31.1 grams of suspected cocaine base (packaged weight). The suspected cocaine and cocaine base were both field tested and tested positive for the presence of cocaine and cocaine base, respectively.

6. On February 8, 2024, the Honorable Stephen C. Dries, United States Magistrate Judge, authorized a search warrant for the location information of the Target Cell Phone. An extension of this authorization was granted on March 8, 2024. *See* 24-M-325. Using the court-authorized location data for the Target Cell Phone, case agents have identified locations frequented by NICHOLS.

14. Case agents have also reviewed phone records obtained pursuant to a pen, trap, and trace order for the Target Cell Phone, which was signed on January 23, 2024. An additional pen, trap, and trace order for the Target Cell Phone was signed March 11, 2024. Location data obtained for the Target Cell Phone indicated that it was normally to be found in this district and was in this district as recently as March 25, 2024.

15. After reviewing phone records for the Target Cell Phone, case agents learned that between February 23, 2024 and March 25, 2024, NICHOLS' Target Cell Phone was not in contact with any known phone numbers of BZF associate Kwan WILSON, including (414) 388-6199, (414) 412-9369, and (414) 742-4249. The investigation has revealed that WILSON is the leader of an armed drug trafficking organization (ADTO), of which NICHOLS is also believed to be associated with. Furthermore, NICHOLS and WILSON are believed to have a familial connection in addition to ADTO associates. This leads case agents to believe that WILSON operates another cellular phone number.

16. Therefore, the purpose of applying for this warrant is to determine other cellular devices that NICHOLS operates.

17. Based on their training and experience, case agents know that narcotics traffickers often use multiple cellular telephones to compartmentalize their trafficking activities and/or to evade detection by law enforcement officers. Although NICHOLS still uses the Target Cell Phone, case agents suspect, based on their training and experience, phone records, and CS #1's information, that NICHOLS uses another unidentified cellular device (**Target Cellular Device(s)**) to communicate with co-conspirators. Identification of a secondary cellular device(s) will assist investigators in identifying other co-conspirators involved in the illegal distribution of narcotics.

## MANNER OF EXECUTION

58. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

59. To facilitate execution of this warrant, law enforcement may use an investigative device that sends signals to nearby cellular devices, including the **Target Cellular Device(s)**, and in reply, the nearby cellular devices will broadcast signals that include their unique identifiers. The investigative device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell to communicate with others. Law enforcement will use this

9

investigative device when they have reason to believe that Malik NICHOLS is present. Law enforcement will collect the identifiers emitted by cellular devices in the immediate vicinity of the **Target Cellular Device(s)** when the subject is in multiple locations and/or multiple times at a common location and use this information to identify the **Target Cellular Device(s)**, as only the **Target Cellular Device(s)'** unique identifiers will be present in all or nearly all locations. Once investigators ascertain the identity of the **Target Cellular Device(s)**, they will cease using the investigative technique. Because there is probable cause to determine the identity of the **Target Cellular Device(s)**, there is probable cause to use the investigative technique described by the warrant to determine the identity of the **Target Cellular Device(s)**.

60. The investigative device may interrupt cellular service of cellular devices within its immediate vicinity. Any service disruption will be brief and temporary, and all operations will attempt to limit the interference cellular devices. Once law enforcement has identified the **Target Cellular Device(s)**, it will delete all information concerning non-targeted cellular devices. Absent further order of the court, law enforcement will make no investigative use of information concerning non-targeted cellular devices other than distinguishing the **Target Cellular Device(s)** from all other devices.

10

Case 2:24-mj-00840-NJ    Filed 03/26/24    Page 15 of 19    Document 1

## AUTHORIZATION REQUEST

61.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

62.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 180 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the person carrying the **Target Cellular Device(s)** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

63.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to identify the **Target Cellular Device(s)** outside of daytime hours.

64.     A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

11

Respectfully submitted,

Joseph Esqueda  
Digitally signed by Joseph Esqueda  
Date: 2024.03.25 14:44:21 -05'00'

Joseph Esqueda  
Task Force Officer  
Federal Bureau of Investigation

Subscribed and sworn to before me
by telephone on 3/26/2024:

_____  
HONORABLE NANCY JOSEPH  
UNITED STATES MAGISTRATE JUDGE

12

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B when the officers to whom it is directed have reason to believe that Malik NICHOLS is present at certain locations, including, but not limited to:

1810 W. Atkinson Avenue, Milwaukee, WI

4408 N. 39th Street, Milwaukee, WI

5065 N. 32nd Street, Milwaukee, WI

13

Case 2:24-mj-00840-NJ   Filed 03/26/24   Page 18 of 19   Document 1

**ATTACHMENT B**

The "Target Cellular Device" is the cellular device or devices carried by Malik NICHOLS. Pursuant to an investigation of Malik NICHOLS for violations of Title 21, United States Code, Section 841(a)(1), this warrant authorizes the officers to whom it is directed to identify the Target Cellular Device(s) by collecting radio signals, including the unique identifiers, emitted by the Target Cellular Device(s) and other cellular devices in its vicinity for a period of thirty days, during all times of day and night.

Absent further order of a court, law enforcement will make no affirmative investigative use of any identifiers collected from cellular devices other than the Target Cellular Device(s), except to identify the Target Cellular Device(s) and distinguish it from the other cellular devices. Once investigators ascertain the identity of the Target Cellular Device(s), they will end the collection, and any information collected concerning cellular devices other than the Target Cellular Device(s) will be deleted.

This warrant does not authorize the interception of any telephone calls, text messages, or other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).